UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

JUAN SANCHEZ, and other similarly )
situated individuals, )
)
          Plaintiff(s), )
)
v. )
)
AMERICA BEST CAR RENTAL KF )
CORP. d/b/a America Best Crkf Corp d/b/a )
Sunshine Rent-A Car, FORT )
LAUDERDALE AUTO LEASING CORP., )
KAMAL FEREG, OMAR FAJARDO, and )
ROBERTO HIPTYN, )
)
          Defendants. )

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, JUAN SANCHEZ ("Plaintiff") and other similarly situated individuals, sue the Defendants, AMERICA BEST CAR RENTAL KF CORP. d/b/a America Best Crkf Corp d/b/a Sunshine Rent-A Car, FORT LAUDERDALE AUTO LEASING CORP., KAMAL FEREG, OMAR FAJARDO, and ROBERTO HIPTYN (collectively the "Defendants") and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3.     AMERICA BEST CAR RENTAL KF CORP. d/b/a America Best Crkf Corp d/b/a Sunshine Rent-A Car and FORT LAUDERDALE AUTO LEASING CORP. (the "Corporate Defendants"), KAMAL FEREG, OMAR FAJARDO, and ROBERTO HIPTYN (the "Individual Defendants"), are Florida companies and Florida residents, respectively, having their main place of business in Broward County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

4.     The Corporate Defendants are enterprises owned and/or controlled by the Individual Defendant, KAMAL FEREG.

5.     The Corporate Defendants are under the administration and common control of the Individual Defendant, KAMAL FEREG.

6.     The Corporate Defendants are entities engaged in related activities, which perform through a unified operation, with a common ownership, with a common business purpose, under the common control and administration of the Individual Defendant, KAMAL FEREG.

7.     The Corporate Defendants share offices and employees.

8.     The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. Corporate Defendants are an integrated enterprise.  Alternatively, each company is a covered enterprise under the Act.

9.     The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers.  Alternatively, each company is a covered enterprise under the Act.

### COUNT I: WAGE AND HOUR VIOLATION BY THE CORPORATE DEFENDANTS

10. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-9 above as if set out in full herein.

11. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of:

   a. 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees … for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

   b. 29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

12. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

13. In Florida, the minimum wage in 2015 is $8.05 per hour.

14. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

15. By reason of the foregoing, the Corporate Defendants **are** and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants **are** a Car Rental Business and, through their business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as an Office Clerk for the Corporate Defendants' business.

16.     While employed by the Corporate Defendants, Plaintiff worked approximately an average of 64 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a Car Washer performing the same or similar duties as that of those other similarly situated Car Washers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

17.     Plaintiff worked for the Corporate Defendants from approximately April 5, 2015 through August 9, 2015.  In total, Plaintiff worked overtime for approximately 18 compensable weeks under the Act, or 18 compensable weeks if we count 3 years back from the filing of the instant action.

18.     The Corporate Defendants paid Plaintiff $8 per hour.

19.     However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week and did not pay Plaintiff at the correct minimum wage.

20.     Plaintiff seeks to recover unpaid minimum and overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

21.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid minimum and overtime wages is as follows:

Overtime

a. **Actual Damages: $5,965.71**

   i.   Calculation: $8.05 (minimum wage) x 1.5 (overtime rate) x 24 (approximate number of overtime hours) x 18 (compensable weeks) = $5,216.40

b. **Liquidated Damages:** $5,216.40

    c.  **Total Damages: $10,432.80** plus reasonable attorneys' fees and costs of suit.

<u>Minimum Wages</u>

.05 x 64 (average of hours worked per week) x 18 (compensable weeks) = $57.60 x 2 (liquidated damages) = **$115.20, plus reasonable attorneys' fees and costs of suit.**

22.    At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff was not properly paid all him minimum wages and Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid all minimum wages or time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

23.    The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum and overtime wages and remain owing Plaintiff and those similarly situated these minimum and overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

24. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime and minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these minimum and overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

25. Plaintiff has retained the law offices of the undersigned attorney to represent him\her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY THE INDIVIDUAL DEFENDANTS

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. At the times mentioned, the Individual Defendant, KAMAL FEREG, was, and is now, the Owner and/or Main Supervisor of the Corporate Defendants.

28. At the times mentioned, the Individual Defendant, OMAR FAJARDO, was, and is now, a direct supervisor of Plaintiff.

29. At the times mentioned, the Individual Defendant, ROBERTO HIPTYN, was, and is now, a direct supervisor of Plaintiff.

30. The Individual Defendants were an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendants, were involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

31. The Individual Defendants are and were at all times relevant a person in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

32. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation or full minimum wages as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: August 24, 2015.

        Respectfully submitted,

        By:  /s/ R. Martin Saenz
        R. Martin Saenz, Esquire
        Fla. Bar No.: 0640166
        Email: msaenz@saenzanderson.com
        SAENZ & ANDERSON, PLLC
        20900 NE 30th Avenue, Ste. 800
        Aventura, Florida 33180
        Telephone: (305) 503-5131
        Facsimile: (888) 270-5549